MICHAEL L. TRACY, ESQ., SBN 237779
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiffs
JOEL DENMARK and JUSTIN SMITH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

JOEL DENMARK, an individual; and JUSTIN SMITH, an individual

Plaintiff,

vs.

CAPITAL MORTGAGE, a California corporation; DONALD STOLAN, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No.: CV08-7857 RGK (CTx)

**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, FAILURE TO INDEMNIFY, AND UNFAIR BUSINESS PRACTICES**

**DEMAND FOR JURY TRIAL**

Plaintiff, JOEL DENMARK, alleges:

## JURISDICTION

1. This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. §201 et seq. are alleged.

2. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiffs performed work and was not paid overtime wages and whether that failure to pay was willful. The failure to provide proper pay checks stubs is also directly related to the FLSA claims because Plaintiffs are alleging that the pay check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is

directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## GENERAL ALLEGATIONS

3.  This Court is the proper court and this action is properly filed in the County of Orange County and in this judicial district because Defendants do business in the County of Orange County and because Defendants' obligations and liabilities arise therein and because the work that was performed by Plaintiffs in the County of Orange County is the subject of this action.

4.  The true names and capacities of DOES 1 through 10 are unknown to Plaintiffs, who therefore sues the DOE Defendants by fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and hereon allege, that some such Doe defendants are residents of California.

5.  Plaintiffs are informed and believe that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiffs' damages as herein alleged.

## PARTIES

6.  Plaintiff JOEL DENMARK ("DENMARK") was jointly employed by Defendants from February 1, 2006 through August 1, 2007.

7.  Plaintiff JUSTIN SMITH ("SMITH") was jointly employed by Defendants from February 1, 2006 through August 10, 2007.

8.  Defendant CAPITAL MORTGAGE ("CAPITAL") is a California corporation doing business in the County of Orange County, State of California.

9. Defendant DONALD STOLAN ("STOLAN") is an individual doing business in the County of Orange County, State of California.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST CAPITAL and DOES 1-5)

10. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 9.

11. This cause of action is brought against CAPITAL and DOES 1-5, jointly and individually.

12. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiffs' employment, Defendants were required to compensate Plaintiffs for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

13. Plaintiffs worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

14. Plaintiffs were entitled to the above overtime premiums.

15. Defendants did not pay Plaintiffs premium wages of at least one and one-half times Plaintiffs' regular rate of pay for hours worked past eight (8) in a day.

16. Defendants did not pay Plaintiffs premium wages of at least one and one-half times Plaintiffs' regular rates of pay for hours worked past forty (40) in a week.

17. Defendants did not pay Plaintiffs premium wages of at least two times Plaintiffs' regular rates of pay for hours worked past twelve (12) in a day.

18. Plaintiff DENMARK worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

19. Plaintiff SMITH worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

20. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

21. As a proximate result of Defendants' violations, Plaintiff DENMARK has been damaged in an amount in excess of $84,375 and subject to proof at time of trial.

22. As a proximate result of Defendants' violations, Plaintiff SMITH has been damaged in an amount in excess of $44,598 and subject to proof at time of trial.

23. Pursuant to Labor Code §§ 218.5, 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiffs are entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

## UNDER LABOR CODE SECTION 226

## (AGAINST CAPITAL and DOES 1-5)

24. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 23.

25. This cause of action is brought against CAPITAL and DOES 1-5, jointly and individually.

26. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

27. Defendants knowingly and intentionally furnished Plaintiffs pay stubs that did not accurately reflect all the information required by Labor Code § 226.

28. Plaintiffs suffered injury from the lack of proper information on the pay stubs provided by Defendants.

29. Plaintiffs suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

30. Pursuant to Labor Code §226(e) and (g), Plaintiff DENMARK prays for

-4-
COMPLAINT

judgment against Defendants in an amount in excess of $1,350 and subject to proof at trial plus costs and attorney fees.

31. Pursuant to Labor Code § 226(e) and (g), Plaintiff SMITH prays for judgment against Defendants in an amount in excess of $1,350 and subject to proof at trial plus costs and attorney fees.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

## (AGAINST CAPITAL and DOES 1-5)

32. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 31.

33. This cause of action is brought against CAPITAL and DOES 1-5, jointly and individually.

34. Plaintiff DENMARK's employment with Defendants was terminated on August 1, 2007.

35. Plaintiff SMITH's employment with Defendants was terminated on August 10, 2007.

36. Defendants willfully refused and continues to refuse to pay Plaintiffs unpaid wages as required by Labor Code §203. Defendants know that the pay is due and are refusing to pay it.

37. Plaintiff DENMARK requests damages and penalties as provided by Labor Code §203 in the amount of $11,538 and subject to proof at time of trial.

38. Plaintiff SMITH requests damages and penalties as provided by Labor Code § 203 in the amount of $9,000 and subject to proof at time of trial

## FOURTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

## (AGAINST ALL DEFENDANTS)

39. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 38.

40. This cause of action is against all Defendants, jointly and individually.

41. Plaintiffs are informed and believe and hereon allege that Defendants are

-5-
COMPLAINT

subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiffs are entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

42. Plaintiffs worked numerous weeks in excess of forty (40) hours.

43. Plaintiffs are entitled to the above overtime premiums.

44. Defendants failed to compensate Plaintiffs for any overtime premiums.

45. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

46. Plaintiffs worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

47. Plaintiffs' individual employment is covered by the terms of the Fair Labor Standards Act.

48. Defendant CAPITAL was the employer of Plaintiffs, as the term "employer" is defined in the Fair Labor Standards Act.

49. Defendant CAPITAL was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiffs' employment.

50. Defendant CAPITAL conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiffs were employed.

51. Defendant CAPITAL employed at least two (2) employees during each and every 12 month period in which Plaintiffs were employed.

52. Defendant STOLAN was the employer of Plaintiffs, as the term "employer" is defined in the Fair Labor Standards Act. STOLAN was a corporate officer and/or agent of CAPITAL. STOLAN acted both directly and indirectly in the interest of CAPITAL, as it related to Plaintiff's employment and payment of wages.

53. DOES 1-10 were the employer of Plaintiffs, as the term "employer" is defined in the Fair Labor Standards Act.

54. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

55. Plaintiff DENMARK prays for judgment for overtime pay of $84,375. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

56. Plaintiff DENMARK prays for judgment for liquidated damages in the amount of $84,375. This amount is supplemental to the relief requested in all other causes of action.

57. Plaintiff SMITH prays for judgment for overtime pay of $44,598. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

58. Plaintiff SMITH prays for judgment for liquidated damages in the amount of $44,598. This amount is supplemental to the relief requested in all other causes of action.

59. Plaintiffs pray for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

## (AGAINST CAPITAL and DOES 1-5)

60. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 59.

61. This cause of action is brought against CAPITAL and DOES 1-5, jointly and individually.

62. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

63. By failing to provided adequate meal breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

64. Plaintiffs pray for restitution under this Cause of Action in an amount subject to proof at time of trial.

## SIXTH CAUSE OF ACTION

**FAILURE TO PROVIDE PAY RECORDS**

**(AGAINST CAPITAL and DOES 1-5)**

65. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 64.

66. This cause of action is brought against CAPITAL and DOES 1-5, jointly and individually.

67. Pursuant to Labor Code §226, employers must provide employees an opportunity to inspect or copy records upon request.

68. Plaintiff DENMARK requested his pay records in accordance with Labor Code § 226 on October 1, 2008.

69. Defendants have failed to provide Plaintiff DENMARK with an opportunity to inspect or copy his records.

70. Plaintiff SMITH requested his pay records in accordance with Labor Code § 226 on October 1, 2008.

71. Defendants have failed to provide Plaintiff SMITH with an opportunity to inspect or copy his records.

72. Pursuant to Labor Code § 226, Plaintiff DENMARK prays for judgment against Defendants in the amount of $750, costs and attorney fees.

73. Pursuant to Labor Code § 226, Plaintiff SMITH prays for judgment against Defendants in the amount of $750, costs and attorney fees.

74. Pursuant to Labor Code § 226, Plaintiffs pray for an injunction requiring Defendants to provide Plaintiffs with all pay records under Labor Code § 226.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY EMPLOYEES UNDER LABOR CODE SECTION 2802**

**(AGAINST CAPITAL and DOES 1-5)**

75. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 74.

76. This cause of action is brought against CAPITAL and DOES 1-5, jointly and individually.

77. Plaintiff SMITH incurred reasonable and necessary business expenses during

1 his employment with Defendants.

2    78.    Plaintiff SMITH was not properly reimbursed for all reasonable and
3 necessary business expenses and thus incurred a loss as a direct consequence of the
4 discharge of his duties.

5    79.    Defendants are required to indemnify Plaintiff SMITH against all losses and
6 expenses incurred in the discharge of his duties or in response to his employer's orders, as
7 provided in Cal. Lab. Code § 2802.

8    80.    Plaintiff SMITH prays for reimbursement for all losses and expenses under
9 this Cause of Action in an amount in excess of $1,000 and subject to proof at time of trial,
10 reasonable costs, interest, and attorney fees.

11    WHEREFORE, Plaintiffs pray for the following relief:

12    1.    Damages for overtime not paid to Plaintiff DENMARK in an amount in
13 excess of $84,375 and subject to proof at trial.

14    2.    For liquidated damages for Plaintiff DENMARK in the amount of $84,375
15 and subject to proof at trial.

16    3.    Damages for overtime not paid to Plaintiff SMITH in an amount in excess of
17 $44,598 and subject to proof at trial.

18    4.    For liquidated damages for Plaintiff SMITH in the amount of $44,598 and
19 subject to proof at trial.

20    5.    For damages and penalties under Labor Code §226 for Plaintiffs in an amount
21 subject to proof at trial.

22    6.    For penalties and damages pursuant to Labor Code § 203 for Plaintiff
23 DENMARK in an amount of $11,538 and subject to proof at trial.

24    7.    For penalties and damages pursuant to Labor Code § 203 for Plaintiff SMITH
25 in an amount of $9,000 and subject to proof at trial.

26    8.    For $750 for failure to allow Plaintiff DENMARK to inspect or copy records.

27    9.    For $750 for failure to allow Plaintiff SMITH to inspect or copy records.

28    10.    All unpaid losses or expenses for Plaintiff SMITH in an amount in excess of

$1,000 and subject to proof at trial.

11. For restitution and disgorgement for all unfair business practices against Plaintiffs in an amount subject to proof at trial.

12. For prejudgment and post judgment interest.

13. Cost of suit.

14. Attorneys' fees.

15. For such other and further relief as the court may deem proper.

DATED: November 25, 2008         LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiffs
JOEL DENMARK and JUSTIN SMITH

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

DATED: November 25, 2008         LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiffs
JOEL DENMARK and JUSTIN SMITH